*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JONATHAN JOHNSON,

        Plaintiff-Appellant,

UNPUBLISHED
March 10, 2022

v

No. 352983
Wayne Circuit Court
LC No. 18-002217-NI

LIBERTY MUTUAL GENERAL INSURANCE
COMPANY,

        Defendant,

and

MICHAEL AQUILINA,

        Defendant-Appellee.

Before: BORRELLO, P.J., and JANSEN and BOONSTRA, JJ.

BOONSTRA, J., (*concurring*).

I concur, but admittedly do so a bit grudgingly. The reason for my hesitancy is simply that the evidence presented to the trial court—with regard to the issue of causation—was thin. As the majority acknowledges, the only record evidence linking the accident with plaintiff's allegedly exacerbated pre-existing conditions came from plaintiff's treating physician, Dr. Kovan. Dr. Kovan's records indeed at times refer to plaintiff's complaints or symptoms as being "from," "secondary to," or even as "exacerbated" by or "related" to the motor vehicle accident. However, these notations have the appearance of being derived from plaintiff's self-reported history, rather than from a medical evaluation. And the record contains no evidentiary exploration of whether the apparent linkage was in fact simply premised on plaintiff's self-reported history.

Causation must be established by more than conjecture. See *Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994). Further, medical testimony is generally required to establish the existence of injuries attributable to a defendant's negligence. See *McCormick v Carrier*, 487 Mich 180, 196; 795 NW2d 517 (2010) (holding that a plaintiff's impairment must be evidenced by actual symptoms or conditions that "someone other than the injured person observed

-1-

or perceived as impairing a body function"). At the very least, a plaintiff is required to present sufficient evidence to "create a question of fact for the jury" by establishing "a logical sequence of cause and effect, notwithstanding the existence of other plausible theories." *Patrick v Turkelson*, 322 Mich App 595, 617; 913 NW2d 369 (2018). Yet, we have no medical testimony from either Dr. Kovan or any other medical professional, nor do we have any diagnostic tests or assessments that specifically link plaintiff's symptoms to an acute injury or aggravation of a previous injury or reveal any specific observable cause of plaintiff's pain. We have Dr. Kovan's notations, but only those notations.

Perhaps if this issue had been explored during discovery, including by a deposition of Dr. Kovan, there would be an adequate record to decide the issue definitively. Perhaps on remand it can be. However, given the state of the record that is before us (including Dr. Kovan's notations), viewing it in the light most favorable to plaintiff, I must conclude that the evidence presented to the trial court was sufficient to avoid summary disposition on causation grounds.

For these reasons, I concur.


/s/ Mark T. Boonstra